IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02726-BNB
**(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)**

JUSTIN RUEB, #94567, also known as
    JUSTIN J. RUEB, and as
    JUSTIN JOSEPH RUEB, and
JACOB OAKLEY, #123294,

    Plaintiffs,

v.

ARISTEDES ZAVARAS,
EUGENE ATHERTON,
DR. CRANDELL,
JOHN DOE,
JANE DOE,
SUSAN JONES,
KEVIN MILYARD,
LARRY REID,
PEGGY STEELE, and
JOHN STONER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 12 2010

GREGORY C. LANGHAM
              CLERK

---

ORDER DENYING PERMISSIVE JOINDER, AND DISMISSING
PLAINTIFF JACOB OAKLEY

---

Plaintiff, Justin Rueb, also known as Justin J. Rueb and as Justin Joseph Rueb, and another Plaintiff, Jacob Oakley, both of whom are prisoners in the custody of the Colorado Department of Corrections (DOC), have submitted a letter to the Court and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the incarceration of mentally ill prisoners in administrative segregation in DOC correctional facilities and the

alleged denial of meaningful psychiatric care for inmates' pre-existing mental disorders. Only Mr. Rueb has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Plaintiffs, both *pro se*, seek to proceed jointly.

Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party. Therefore the Court, for the following reasons, will deny joinder in this action, dismiss Mr. Rueb's co-Plaintiff, Mr. Oakley, and allow the dismissed Plaintiff to initiate a new and separate action if he chooses.

Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* That difficulty certainly is a factor here, where Plaintiffs allegedly are confined at two different correctional facilities within the DOC. Mr. Oakley alleges that he is incarcerated at P. O. Box 777, Cañon City, Colorado 81215 (Colorado State

Penitentiary). Mr. Rueb alleges that he is incarcerated at P. O. Box 6000, Sterling, Colorado 80751 (Sterling Correctional Facility).

The Court is persuaded by the reasoning of the district courts discussed in *Boretsky* opposing permissive joinder. It is administratively impracticable to permit multiple inmates incarcerated at different DOC penal institutions to litigate claims concerning mentally ill prisoners placed in administrative segregation in DOC correctional facilities and the alleged denial of meaningful psychiatric care for inmates' pre-existing mental disorders in the instant action.

Prisoners, whose circumstances make joint litigation exceptionally difficult, are not similarly situated as non-prisoner joint plaintiffs. Coordination would be difficult in view of restrictions on interpersonal communication within a prison facility and restrictions on inmate-to-inmate communications between prison facilities. *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be difficult when all Plaintiffs are housed in the same prison facility, but prison populations are notably transitory. Inmates are released or transferred within the DOC, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

Fed. R. Civ. P. 21 provides that "the [C]ourt may at any time, on just terms, . . . drop a party." It would not be just to dismiss this case in its entirety merely because of

3

the myriad impracticalities of joint litigation by Plaintiffs. Instead, the Court will dismiss Mr. Oakley and allow Mr. Rueb, the first named Plaintiff, to proceed.

The dismissal of Mr. Oakley will be without prejudice. If the dismissed Plaintiff wishes to pursue his claims, he may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either by paying the $350.00 filing fee or submitting a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. The clerk of the Court will be directed to mail to Mr. Oakley, together with a copy of this order, a copy of the Court-approved forms. The separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and Mr. Oakley will be required to cure any deficiency in his filings.

The request to mail copies of the Local Rules of Practice for this Court to each Plaintiff will be denied as to Mr. Oakley. If Mr. Oakley wishes to initiate a separate action, he may request a copy of the local rules at that time. The clerk of the Court will be directed to mail a copy of the local rules to Mr. Rueb.

As part of the Court's review of the instant action pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order. Mr. Rueb will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Rueb files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ are not submitted
(2) ___ is missing affidavit
(3) _X_ is missing certified copy of prisoner's trust fund statements for the 6-month period immediately preceding this filing
(Account statement submitted does not cover 6-month period immediately preceding this filing)
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ An original and a copy have not been received by the court. Only an original has been received.
(10) ___ other: Current certified account statement only is necessary if $350.00 filing fee is not paid in advance

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) ___ is not on proper form (must use the court's current form)
(13) ___ is missing original signatures by the prisoners
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) _X_ other No addresses provided for each named Defendant

Mr. Rueb has failed to provide any addresses for Defendants, alleging instead that the complaint may be served through an attorney who has entered an appearance as Defendants' counsel of record in an unrelated and unspecified case. Mr. Rueb must provide the address for each named Defendant. The request to serve Defendants through an attorney who has not entered an appearance in this action will be denied.

Finally, Mr. Rueb alleges he has mailed to the Court two sets of materials: (1) copies of the complaints he and various co-Plaintiffs have tendered in three separate

actions, including the instant action, and (2) an "Information Packet" for each co-Plaintiff. The packet consists of two letters to "fellow plaintiffs" from Mr. Rueb dated August 29 and 30, 2010; a copy of a memorandum of law submitted in support of *Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH (D. Colo. filed Dec. 2, 2009), currently pending before the Court; and a document concerning conjugal visits. Mr. Rueb asks the Court to mail these materials to each Plaintiff at the Court's expense. The request to mail the materials to each Plaintiff will be denied. Mr. Rueb will be directed to make arrangements within thirty days for the materials to be mailed or picked up at his expense; otherwise, the materials will be destroyed.

Accordingly, it is

ORDERED that the Court denies joinder in this action, dismisses without prejudice Plaintiff, Jacob Oakley, and allows the dismissed Plaintiff to initiate a separate action, if he chooses. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Oakley, together with a copy of this order, a copy of the following forms for use in initiating a separate action: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Rueb cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Rueb files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Rueb's request to serve Defendants through an attorney who has not entered an appearance in this action is denied. It is

FURTHER ORDERED that Mr. Rueb's request for the Court to mail materials to

the dismissed Plaintiff is denied. It is

FURTHER ORDERED that Mr. Rueb is directed to make arrangements **within thirty (30) days from the date of this order** for the materials to be mailed or picked up at his expense. If Mr. Rueb fails to have the materials mailed or picked up at his expense within the time allowed, the materials will be destroyed. It is

FURTHER ORDERED that, if Mr. Rueb fails to cure the designated deficiencies as directed **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the clerk's office correct the docketing records for this action to include Mr. Rueb's aliases.

DATED at Denver, Colorado, this 10th day of November, 2010.

BY THE COURT:

*/s/ Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02726-BNB

Justin Joseph Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Jacob Daniel Oakley
Prisoner No. 123294
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER to the above-named individuals and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms to Justin Rueb only** on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk